UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYNN GAVIN,

        Plaintiff,

    v.

JOHN ARNTZ, et al.

        Defendants.
_____/

No. C 13-0056 PJH

**ORDER GRANTING IFP REQUEST, DENYING TRO WITHOUT NOTICE, AND SETTING HEARING ON TRO REQUEST IF NOTICE IS PROVIDED**

        Before the court is plaintiff's application to proceed in forma pauperis ("IFP request"), along with plaintiff's "ex parte application for an emergency temporary restraining order for a preliminary injunction for the swearing in of Norman Yee for District 7 and permanent injunction enjoining all defendants." Plaintiff's request was filed on the afternoon of January 4, 2013, and seeks to enjoin actions scheduled to occur on January 8, 2013.

        While plaintiff claims to be proceeding ex parte, she has not complied with Federal Rule of Civil Procedure 65(b)(1), which allows the issuance of a temporary restraining order ("TRO") without notice to the adverse parties only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and if the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff has not complied with these requirements, and thus the court cannot issue a TRO before the defendants receive notice of the TRO request.

        Because plaintiff is seeking to enjoin actions scheduled to occur only four days from today (on January 8, 2013), any hearing on plaintiff's TRO request would need to be scheduled for Monday, January 7, 2013. While the court has reviewed plaintiff's IFP request, and finds that plaintiff does qualify for IFP status, the U.S. Marshals will not be

able to serve plaintiff's TRO request (which was filed this afternoon) before Monday. Because plaintiff's IFP request is GRANTED, however, the U.S. Marshals will still effect service of the complaint itself.

If plaintiff intends to proceed with her TRO request, she must effect service of the request on all defendants before Monday, January 7, 2013. If plaintiff is able to serve the TRO request on defendants by January 7, and files proofs of service with the Clerk's office before 9:00am on January 7, then the court will conduct a hearing on plaintiff's TRO request on Monday, January 7, at 10:00am. However, because plaintiff's request was received late in the day, this order is being filed after the close of business hours, and the court recognizes that it is unlikely that plaintiff (who is proceeding pro se, and does not receive electronic notice of court orders) will receive notice of this order in time to effect service of the TRO request before Monday.

**IT IS SO ORDERED.**

Dated: January 4, 2013

PHYLLIS J. HAMILTON
United States District Judge