UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYNN GAVIN,

    Plaintiff,

    v.

JOHN ARNTZ, et al.

    Defendants.
_____/

No. C 13-0056 PJH

**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**

    Before the court is plaintiff's request for a temporary restraining order enjoining the swearing in of Norman Yee as the representative of District 7 on the San Francisco Board of Supervisors. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

    A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

    Alternatively, the plaintiff may demonstrate that serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A "serious question" is one on which the plaintiff has "a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter</u>, 129 S.Ct. at 376, 381.

In this case, plaintiff has not met the requirements for a temporary restraining order. Plaintiff's request states only that defendants "infring[ed] on Plaintiff Gavin's vote in the election the conception of political equality that can mean only one thing: one person, one vote" without providing any supporting factual allegations. The complaint itself alleges that plaintiff received conflicting reports of her vote total in the Board of Supervisors election, with one tally stating that she received 719 votes, and the other tally stating that she received 716 votes. In an election with over 35,000 votes cast, and where the declared winner received over 9,000 votes (or over 12,500 votes, after ranked-choice voting rules were applied), plaintiff's allegations simply do not meet the four-part <u>Winter</u> test, and do not justify the extraordinary relief sought. Accordingly, plaintiff's request for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: January 8, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

2